UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MRS. UNITED STATES NATIONAL PAGEANT, INC.,

                Plaintiff

vs.

STEPHANIE L. WILLIAMS, CROWN GARLAND, LLC,
AND COSMOS INTERNATIONAL PAGEANTS, INC.

                Defendants.

**ATTORNEY DECLARATION OF PAUL L. LECLAIR**

Case No. 18 cv 6587

STEPHANIE L. WILLIAMS, CROWN GARLAND LLC, and COSMOS INTERNATIONAL PAGEANTS, INC.,

                Third-Party Plaintiffs,

v.

ANTHONY ILACQUA,

                Third-Party Defendant.

1.      I am an attorney admitted to practice before the bar of this Court, and a partner in the law firm of Adams Leclair LLP, attorneys for Plaintiff Mrs. United States National Pageant, Inc. ("Mrs. USNP") and Third-Party Defendant Anthony Ilacqua ("Ilacqua"). I make this declaration in support of plaintiff and third-party defendant's motion for partial summary judgment, seeking summary judgment in Mrs. USNP's favor on liability in connection with its claims for breach of contract, tortious interference with contracts, tortious interference with prospective contractual relations, trademark infringement (15 U.S.C. § 1114), trademark infringement (15 U.S.C. § 1125), trademark infringement (New York General Business Law §§ 360-K, 360-L, 360-M), unfair competition, New York General Business Law § 349, injurious falsehood, and conversion; and granting judgment against

defendants Stephanie L. Williams ("Williams"), Crown Garland, LLC ("Crown Garland"), and Cosmos International Pageants, Inc. ("Cosmos") dismissing their amended counterclaims and third-party claim [Dkt 45] for breach of oral agreement, unjust enrichment, and tortious interference.

2. As established in the Statement of Undisputed Material Facts and evidence cited therein, Defendants Williams and Crown Garland breached their licensing agreements with Plaintiff by failing to pay licensing fees due and owing; and defendants have further engaged in a scheme to wrongfully use and degrade Mrs. USNP's federally registered trademarks; wrongfully seize control and prevent access to Mrs. USNP's websites, social media accounts, and contestant rolls through which contestants are recruited and enrolled; wrongfully keep files, financial records, forms, databases and other property from Mrs. USNP; and disparage Mrs. USNP and misrepresent to the State-level pageant directors their legal obligations to Mrs. USNP while intimidating them into working with defendants to operate competing pageants.

3. Defendants have had no right to use the trademarks or retain any of the property since their resignation and termination of their trademark license and contract to operate Mrs. USNP pageants, which was effective July 8, 2018.

4. On August 10, 2018, prior to the commencement of this action, on behalf of Mrs. USNP I sent a letter to defendants' counsel demanding that defendants remit the unpaid license fees, cease and desist the wrongful conduct and turnover the misappropriated property, but the defendants have refused to comply.

5. Based on the foregoing undisputed facts, Plaintiff is entitled to partial summary judgment on liability as a matter of law with respect to the causes of action listed above.

(Plaintiff reserves its right to seek recovery under the remaining claims at trial.)  Following entry of the judgment on liability, Plaintiff will seek an inquest to establish its resulting damages.

6. Defendants have filed baseless counterclaims against Mrs. USNP seeking relief pursuant to an alleged oral agreement and for alleged unjust enrichment for the creation of logos and advertising costs pre-dating the parties' written agreements.  The relief sought therein is contradicted by the plain language of the written licensing agreements and defendants' claims should also be dismissed.

7. Defendants also filed a counterclaim against Mrs. USNP and third-party complaint against its principal Anthony Ilacqua ("Ilacqua"), incorrectly asserting that Mrs. USNP and Ilacqua tortiously interfered with defendants' business in running a new pageant under defendant Cosmos International Pageants, Inc.'s pageant system.  This action is premised on two letters that I sent to Mrs. USNP's former licensees who served as directors of its state-level pageants ("State Directors"), demanding that the State Directors turn over their documents and stop using Mrs. USNP's trademarks, pursuant to their contracts with Mrs. USNP.  An accurate copy of the letter that I sent to the former State Directors on September 10, 2018, is attached to Plaintiff's Index as **Exhibit A**.  An accurate copy of the letter that I sent to the former State Directors on July 2, 2019, is attached to Plaintiff's Index as **Exhibit B**.

8. The foregoing letters were sent to enforce Mrs. USNP's legitimate economic interests and defendants' claims that the letters somehow constitute tortious interference with their business should be dismissed.

9. An excerpt of the transcript of the deposition of Stephanie Williams, who testified individually and pursuant to Fed. R. Civ. P. 30(b)(6) on behalf of Crown Garland and Cosmos, is attached to Plaintiff's Index as **Exhibit LL**.

10. Williams' Responses to Plaintiff's First Set of Interrogatories are attached to Plaintiff's Index as **Exhibit KK.**

11. Williams and Crown Garland's Responses to Plaintiff's Request to Admit are attached to Plaintiff's Index as **Exhibit JJ**.

**12.** It is respectfully submitted based on the foregoing, and as set forth in the Declaration of Anthony Ilacqua, the Declaration of William Mellon, the Declaration of Katy Moody Cusick, the Declaration of Molly Lewellen, the Declaration of Shena Dixon Mason, the Declaration of Emily Simmons, the Declaration of Amy Demanchick; the exhibits attached to the Plaintiff's Appendix to Local Rule 56 Statement of Facts, the Local Rule 56 Statement of Facts, and the accompanying Memorandum of Law, that the Court grant partial summary judgment on liability for Mrs. USNP on its claims for breach of contract, tortious interference with contracts, tortious interference with prospective contractual relations, trademark infringement (15 U.S.C. § 1114), trademark infringement (15 U.S.C. § 1125), trademark infringement (New York General Business Law §§ 360-K, 360-L, 360-M), unfair competition, New York General Business Law § 349, injurious falsehood, and conversion; and granting judgment against defendants Stephanie L. Williams, Crown Garland, LLC, and Cosmos International Pageants, Inc. ("Cosmos") dismissing their amended counterclaims and third-party claim in their entirety for breach of oral agreement, unjust enrichment, and tortious interference.

5

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on December 10, 2021.

                                          s/ Paul L. Leclair
                                          PAUL L. LECLAIR